## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE DIVISION
## CASE NO: 1:25-CV-21088-CMA

GAMIL KHARFAN, an individual,

      Plaintiff,

  v.

EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
AND TRANSUNION LLC,

      Defendants.

## EQUIFAX INFORMATION SERVICES LLC'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND
## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Amended Complaint and asserts its affirmative and other defenses as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

# ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## JURISDICTION AND VENUE

### COMPLAINT ¶1:

This is an action for damages and equitable relief within the jurisdiction of this court pursuant to the Fair Credit Reporting Act, §1681 et seq. ("FCRA"), and Florida Deceptive And Unfair Trade Practices Act § 501.201 et seq. ("FDUTPA").

### ANSWER:

Equifax admits that Plaintiff brings a civil action alleging violations of the FCRA and FDUTPA. Equifax denies that it violated the FCRA or FDUTPA, denies any action or inaction of Equifax proximately caused Plaintiff injury, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

### COMPLAINT ¶2:

Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, § 1337 and § 1367.

### ANSWER:

Equifax admits that, to the extent Plaintiff has properly alleged his claims, this Court may exercise its subject matter jurisdiction.

### COMPLAINT ¶3:

Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions on which the claims are based occurred in this District.

### ANSWER:

Equifax denies the allegations in this paragraph.

## DEMAND FOR JURY TRIAL

**COMPLAINT ¶4:**

Mr. Kharfan, respectfully, demands a trial by jury on all counts and issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax

objects to a jury trial on any claims for equitable relief and all other issues as to

which a jury is not permitted as of right or as a matter of law.

## PARTIES

**COMPLAINT ¶5:**

Mr. Kharfan is a natural person, and a citizen of the State of Florida, residing in Miami-Dade, Florida and is a "consumer" as defined by FCRA 15 U.S.C. § 1681 a(c) and FDUTPA under Fla. Stat. § 501.203(7).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶6:**

Defendant Equifax is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC § 1681a(f). Equifax is engaged in "trade or commerce" as defined by FDUTPA under Fla. Stat. § 501.203(8).

**ANSWER:**

Equifax admits that it is a Georgia limited liability company. Equifax admits

that it maintains a registered agent in the State of Florida. Equifax admits that some

of its business activities qualify as a consumer reporting agency as that term is

defined by the FCRA, and admits that allegation as to those activities only. Because the remaining allegations in this paragraph are inchoate, Equifax is without knowledge or information sufficient to form a belief as to their truth.

## COMPLAINT ¶7:

Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a CRA as defined by FCRA, 15 USC §1681a(f). Experian is engaged in "trade or commerce" as defined by FDUTPA under Fla. Stat. § 501.203(8).

## ANSWER:

The allegations in this paragraph were not directed toward Equifax, and, therefore, no response is required.

## COMPLAINT ¶8:

Defendant TransUnion is a Delaware limited liability company whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. TransUnion is a CRA as defined by FCRA, 15 USC § 1681a(f). TransUnion is engaged in "trade or commerce" as defined by FDUTPA under Fla. Stat. § 501.203(8).

## ANSWER:

The allegations in this paragraph were not directed toward Equifax, and, therefore, no response is required.

## GENERAL ALLEGATIONS

## COMPLAINT ¶9:

This action involves derogatory and inaccurate reporting of an alleged consumer debt and fraudulent Barclays Bank ("Barclays" or "the data furnisher") credit card by the Credit Reporting Agencies, Equifax, Experian, and TransUnion (Equifax, Experian, and TransUnion are collectively, the "CRAs").

**ANSWER:**

Equifax admits that Plaintiff brings a civil action alleging violations of the

FCRA and FDUTPA. Equifax denies that it violated the FCRA or FDUTPA, denies

any action or inaction of Equifax proximately caused Plaintiff injury, and denies that

Plaintiff is entitled to any of the relief sought in the Complaint. Equifax is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

**COMPLAINT ¶10:**

The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

**ANSWER:**

Equifax states that the FCRA speaks for itself, and to the extent that Plaintiff

misstates, misquotes, mischaracterizes or takes out of context the contents thereof

those allegations are denied.

**COMPLAINT ¶11:**

On or about October of 2022, Mr. Kharfan began his pre-qualification process to purchase a residential property. Mr. Kharfan was pre-approved for a 6% 30-year term conventional loan to purchase a $3.1 million dollar condominium with a contract closing date of October 2022.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶12:**

On or about October of 2022, Mr. Kharfan discovered a fraudulent Barclays MasterCard Card account (the "Fraudulent Account") appearing on his credit report with late payments, causing Mr. Kharfan's credit score to decrease drastically.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶13:**

Mr. Kharfan promptly filed a Federal Trade Commission ("FTC") identity theft report, a formal complaint with the Consumer Financial Protection Bureau ("CFPB") and disputed the Fraudulent Account with each CRA and the data furnisher, Barclays.

**ANSWER:**

Equifax denies that it received a dispute from Plaintiff or someone acting on Plaintiff's behalf in this time frame. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶14:**

On November 8, 2022, the data furnisher remitted the investigation results to Mr. Kharfan and the CRAs stating that Mr. Kharfan was "not responsible for the reported fraudulent activity" and to "allow up to 30 days for the consumer credit reporting agencies to remove any fraud-related information from [the] credit report." A true and correct copy of the furnisher's letter is attached hereto as Exhibit A.

**ANSWER:**

Equifax admits that Plaintiff attaches an Exhibit A to his Amended Complaint which includes the quoted verbiage. Equifax denies that Barclays remitted to Equifax the results of any direct dispute Plaintiff made to Barclays. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶15:**

Based on representations from CRA representatives during follow-up phone calls, Plaintiff was assured that the tradeline would be removed from his credit file. Relying on those statements and Barclays' confirmation, Plaintiff reasonably believed that the matter was resolved and that any continued reporting of the account was temporary and unintentional. Plaintiff was assured by CRA representatives that that the CRAs were complying with their obligations by the December 8, 2022 deadline referenced in Barclays' correspondence.

**ANSWER:**

Equifax denies any phone contact between a representative of it and Plaintiff or someone acting on Plaintiff's behalf, and, therefore, denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶16:**

Accordingly, Plaintiff rescheduled the closing date to the end of January 2023. At the time of closing, Plaintiff had to accept much less favorable loan terms than the terms of his October 2022 prequalification, otherwise, he stood the chance of losing the apartment of his dreams in a very volatile Miami real estate market.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶17:**

Because Plaintiff was under significant pressure to close on the transaction due to a pending lease expiration and risk of losing his escrow deposit he proceeded with the closing while believing the credit reporting issue was corrected. Plaintiff did not receive any further updates from the CRAs despite his prior disputes and continued outreach.

**ANSWER:**

Upon information and belief, based upon Plaintiff's allegations in the Amended Complaint, Equifax denies that Plaintiff "believ[ed] the credit report issue was corrected" to his satisfaction. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶18:**

In or around March or April 2023, Plaintiff attempted to refinance the loan in hopes of securing more favorable terms. During the refinancing process, Plaintiff ordered updated consumer credit disclosures and discovered that the fraudulent Barclays account was still being reported across his credit files despite prior confirmation from Barclays and repeated disputes and communications with the CRAs. This was the first time Plaintiff became aware that, despite the passage of several months and the submission of all necessary documentation, the CRAs had failed to take any action to delete the account.

**ANSWER:**

Upon information and belief, Equifax denies that in "March or April 2023" "Plaintiff became aware" that the CRAs had not deleted the Barclays account. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶19:**

It was at this point upon reviewing the March or April 2023 disclosures and confirming the CRAs' continued reporting of the tradeline despite prior notice from both Plaintiff and Barclays that Plaintiff first became aware that the tradeline had not been removed and that the CRAs had not fulfilled their obligations. Plaintiff had relied on the CRAs' express and implied representations that they were conducting a proper reinvestigation and would delete the confirmed Fraudulent Account.

**ANSWER:**

Upon information and belief, Equifax denies that in "March or April 2023" "Plaintiff became aware" that the CRAs had not deleted the Barclays account. Equifax denies any express or implied representations to Plaintiff, and, therefore, denies those allegations as they pertain to Equifax. Equifax denies receiving a dispute from Plaintiff or anyone acting on his behalf, and, therefore, denies those allegations as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶20:**

Although Plaintiff was aware of the existence of the Barclays account as of November 2022 and proceeded with a loan closing in January 2023, the facts and circumstances surrounding the CRAs' alleged conduct were not reasonably apparent until March or April 2023, when Plaintiff obtained updated credit disclosures during a refinancing effort and observed that the Fraudulent Account remained on his credit reports despite previous confirmations and disputes.

**ANSWER:**

Upon information and belief, Equifax admits that Plaintiff "was aware of the existence of the Barclays account as of November 2022," but denies the remaining allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶21:**

The CRA's continued willfully and recklessly reporting the Fraudulent Account on Mr. Kharfan's credit report until sometime in mid 2023, despite receiving the FTC identity theft report, the written consumer disputes, and the data furnishers' investigation results establishing that the underlying account was, in fact, a fraudulent account.

**ANSWER:**

Equifax denies receiving a dispute from Plaintiff or someone acting on Plaintiff's behalf, and, therefore, denies those allegations as they pertain to Equifax. Equifax denies that Barclays remitted to Equifax the results of any direct dispute Plaintiff made to Barclays. Equifax denies the remaining allegations as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶22:**

Mr. Kharfan and his executive assistant spent significant time and effort communicating with the CRAs, the lender, and other parties involved in the closing, causing substantial inconvenience and wasted resources from October 2022 to through mid 2023.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶23:**

The uncertainty and financial burden caused Mr. Kharfan restlessness and mental distress throughout the homebuying process and the holiday season.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶24:**

Defendants Equifax, Experian, and TransUnion, as CRAs, failed to conduct a reasonable investigation into the disputed information as required under 15 U.S.C. § 1681i.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶25:**

The actions and inactions of the Defendants have caused significant harm to Mr. Kharfan, including financial harm, damage to creditworthiness, and emotional distress.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Defendant Experian)

**COMPLAINT ¶26:**

Mr. Kharfan incorporates by reference paragraphs ¶¶ 125 of this Complaint.

**ANSWER:**

Equifax incorporates by reference its responses in paragraphs ¶¶ 1-25 of this

Answer.

**COMPLAINT ¶27:**

Defendant Experian prepared and issued consumer credit reports concerning Mr. Kharfan which previously included inaccurate and derogatory reporting of the Fraudulent Account.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶28:**

In or around October of 2022, Mr. Kharfan checked his credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around October of 2022, Mr. Kharfan disputed this inaccurate and derogatory information to Experian.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶29:**

In or around November 8 of 2022, the data furnisher verified that the Fraudulent Account was fraudulent and instructed Experian to delete the Fraudulent Account by no later than December 8, 2022. Despite Experian having been put on notice of the inaccurate and derogatory reporting, Experian did not remove the inaccurate and derogatory reporting of the Fraudulent Account from Mr. Kharfan's Experian credit report.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶30:**

Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶31:**

Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶32:**

Despite Defendant Experian having received Mr. Kharfan's dispute of the Fraudulent Account, Mr. Kharfan's FTC ID theft report, Mr. Kharfan's CFPB complaint, and the data furnisher's investigation results confirming the Fraudulent Account was fraudulent, Experian continued to inaccurately report the Fraudulent Account with an account balance and late payments.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶33:**

Continuing to report the status of the Fraudulent Account in this fashion was significant.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶34:**

By continuing to report the status of the Fraudulent Account in this fashion, lenders believed Mr. Kharfan had a recent, major delinquency negatively reflecting on Mr. Kharfan's creditworthiness by impacting his credit score negatively.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶35:**

Credit scoring algorithms take Mr. Kharfan's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶36:**

Experian failed to conduct a reasonable investigation and reinvestigation.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶37:**

Experian failed to review and consider all relevant information submitted by Mr. Kharfan.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶38:**

Experian possessed evidence that the Fraudulent Account was inaccurate; however, Experian failed to correct the information.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶39:**

Experian's reporting of inaccurate information about the Fraudulent Account, despite evidence that confirmed the Fraudulent Account was inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit reports and file.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶40:**

Experian did not conduct any independent investigation after it received Mr. Kharfan's dispute and, instead, chose to ignore its statutory obligations despite being in possession of evidence that the Fraudulent Account was inaccurate.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶41:**

Mr. Kharfan has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Mr. Kharfan.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶42:**

On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Mr. Kharfan.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶43:**

Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit reports and credit files when investigating Mr. Kharfan's dispute of the information contained in Mr. Kharfan's Experian credit report.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶44:**

Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Mr. Kharfan's credit reports and credit files.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶45:**

Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mr. Kharfan; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [c] the continual placement of inaccurate information into the credit report of Mr. Kharfan after being advised by Mr. Kharfan and that data furnisher that the information was inaccurate; [d] the failure to note in the credit report that Mr. Kharfan disputed the accuracy of the information; [e] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [f] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶46:**

The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶47:**

Mr. Kharfan is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶48:**

The appearance of the Account on Mr. Kharfan's credit report, namely, the Account identified by Mr. Kharfan in Mr. Kharfan's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit report in violation of the 15 U.S.C. § 1681e(b).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶49:**

As a result of the conduct, action, and inaction, of Experian, Mr. Kharfan suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶50:**

WHEREFORE, Mr. Kharfan, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Mr. Kharfan the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Mr. Kharfan which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**(Against Defendant Experian)**

**COMPLAINT ¶51:**

Mr. Kharfan incorporates by reference paragraphs ¶¶ 150 above of this Complaint.

**ANSWER:**

Equifax incorporates by reference its responses in paragraphs ¶¶ 1-50 of this Answer.

**COMPLAINT ¶52:**

On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the Fraudulent Account.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶53:**

On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Mr. Kharfan with respect to the Fraudulent Account.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶54:**

On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the Fraudulent Account.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶55:**

Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mr. Kharfan; [c] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [d] the continual placement of inaccurate information into the credit report of Mr. Kharfan after being advised by Mr. Kharfan and that data furnisher that the information was inaccurate; [e] the failure to note in the credit report that Mr. Kharfan disputed the accuracy of the information; [f] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [g] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶56:**

The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶57:**

Mr. Kharfan is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶58:**

As a result of the conduct, action, and inaction of Experian, Mr. Kharfan suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶59:**

WHEREFORE, Mr. Kharfan, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Mr. Kharfan the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Defendant Equifax)

**COMPLAINT ¶60:**

Mr. Kharfan incorporates by reference paragraphs ¶¶ 125 of this Complaint.

**ANSWER:**

Equifax incorporates by reference its responses in paragraphs ¶¶ 1-25 of this

Answer.

**COMPLAINT ¶61:**

Defendant Equifax prepared and issued consumer credit reports concerning
Mr. Kharfan which previously included inaccurate and derogatory reporting of the
Fraudulent Account.

**ANSWER:**

Equifax states that it does not generally keep copies of the consumer reports

it issues to third parties, and, therefore, is without knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶62:**

In or around October of 2022, Mr. Kharfan checked his credit report and
noticed that there were inaccurate from Defendant Equifax. Therefore, in or
around October of 2022, Mr. Kharfan disputed this inaccurate and derogatory
information to Equifax.

**ANSWER:**

Equifax denies that it received a dispute in or around October of 2022 from Plaintiff or someone acting on his behalf, and, therefore, denies those allegations. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶63:**

In or around November 8 of 2022, the data furnisher verified that the Fraudulent Account was fraudulent and instructed Equifax to delete the Fraudulent Account by no later than December 8, 2022. Despite Equifax having been put on notice of the inaccurate and derogatory reporting, Equifax did not remove the inaccurate and derogatory reporting of the Fraudulent Account from Mr. Kharfan's Equifax credit report.

**ANSWER:**

Equifax denies that it received a dispute in or around October of 2022 from Plaintiff or someone acting on his behalf, and, therefore, denies those allegations. Equifax denies that Barclays remitted to Equifax the results of any direct dispute Plaintiff made to Barclays. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COMPLAINT ¶64:**

Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

**ANSWER:**

Equifax admits that some of its business activities qualify as a consumer reporting agency as that term is defined by the FCRA, and admits that allegation as to those activities only.

**COMPLAINT ¶65:**

Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

**ANSWER:**

Equifax admits that some of its business activities qualify as a consumer reporting agency as that term is defined by the FCRA, and admits that allegation as to those activities only. Equifax denies that the term "credit report" is defined by the FCRA, and, therefore, denies those allegations.

**COMPLAINT ¶66:**

Despite Defendant Equifax having received Mr. Kharfan's dispute of the Fraudulent Account, Mr. Kharfan's FTC ID theft report, Mr. Kharfan's CFPB complaint, and the data furnisher's investigation results confirming the Fraudulent Account was fraudulent, Equifax continued to inaccurately report the Fraudulent Account with an account balance and late payments.

**ANSWER:**

Equifax denies that it received a dispute in or around October of 2022 from Plaintiff or someone acting on his behalf, and, therefore, denies those allegations. Equifax denies that Barclays remitted to Equifax the results of any direct dispute Plaintiff made to Barclays.

**COMPLAINT ¶67:**

Continuing to report the status of the Fraudulent Account in this fashion was significant.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶68:**

By continuing to report the status of the Fraudulent Account in this fashion, lenders believed Mr. Kharfan had a recent, major delinquency negatively reflecting on Mr. Kharfan's creditworthiness by impacting his credit score negatively.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶69:**

Credit scoring algorithms take Mr. Kharfan's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶70:**

Equifax failed to conduct a reasonable investigation and reinvestigation.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶71:**

Equifax failed to review and consider all relevant information submitted by Mr. Kharfan.

**ANSWER:**

Equifax denies that it received a dispute in or around October of 2022 from Plaintiff or someone acting on his behalf, and, therefore, denies the allegations in this paragraph.

**COMPLAINT ¶72:**

Equifax possessed evidence that the Fraudulent Account was inaccurate; however, Equifax failed to correct the information.

**ANSWER:**

Equifax denies that it received a dispute in or around October of 2022 from Plaintiff or someone acting on his behalf, and, therefore, denies those allegations. By way of further response, Equifax denies that Barclays remitted to Equifax the results of any direct dispute Plaintiff made to Barclays.

**COMPLAINT ¶73:**

Equifax's reporting of inaccurate information about the Fraudulent Account, despite evidence that confirmed the Fraudulent Account was inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit reports and file.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶74:**

Equifax did not conduct any independent investigation after it received Mr. Kharfan's dispute and, instead, chose to ignore its statutory obligations despite being in possession of evidence that the Fraudulent Account was inaccurate.

**ANSWER:**

Equifax denies that it received a dispute in or around October of 2022 from Plaintiff or someone acting on his behalf, and, therefore, denies the allegations in this paragraph.

**COMPLAINT ¶75:**

Mr. Kharfan has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Mr. Kharfan.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶76:**

On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Mr. Kharfan.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶77:**

Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit reports and credit files when investigating Mr. Kharfan's dispute of the information contained in Mr. Kharfan's Equifax credit report.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶78:**

Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Mr. Kharfan's credit reports and credit files.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶79:**

Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mr. Kharfan; [c] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [d] the continual placement of inaccurate information into the credit report of Mr. Kharfan after being advised by Mr. Kharfan and that data furnisher that the information was inaccurate; [e] the failure to note in the credit report that Mr. Kharfan disputed the accuracy of the information; [f] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [g] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶80:**

The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶81:**

Mr. Kharfan is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶82:**

The appearance of the Fraudulent Account on Mr. Kharfan's credit report, namely, the Fraudulent Account identified by Mr. Kharfan in Mr. Kharfan's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit report in violation of the 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax denies that it received a dispute in or around October of 2022 from

Plaintiff or someone acting on his behalf, and, therefore, denies the allegations in

this paragraph.

**COMPLAINT ¶83:**

As a result of the conduct, action, and inaction, of Equifax, Mr. Kharfan suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶84:**

WHEREFORE, Mr. Kharfan, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Mr. Kharfan the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Mr. Kharfan which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Defendant Equifax)

**COMPLAINT ¶85:**

Mr. Kharfan incorporates by reference paragraphs ¶¶ 125 and 6084 above of this Complaint.

**ANSWER:**

Equifax incorporates by reference its responses in paragraphs ¶¶ 1-25 and 60-84 of this Answer.

**COMPLAINT ¶86:**

On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the Fraudulent Account.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶87:**

On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Mr. Kharfan with respect to the Fraudulent Account.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶88:**

On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the Fraudulent Account.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶89:**

Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mr. Kharfan; [c] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [d] the continual placement of inaccurate information into the credit report of Mr. Kharfan after being advised by Mr. Kharfan and that data furnisher that the information was inaccurate; [e] the failure to note in the credit report that Mr. Kharfan disputed the accuracy of the information; [f] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [g] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶90:**

The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶91:**

Mr. Kharfan is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶92:**

As a result of the conduct, action, and inaction of Equifax, Mr. Kharfan suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶93:**

WHEREFORE, Mr. Kharfan, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Mr. Kharfan the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**(Against Defendant TransUnion)**

**COMPLAINT ¶94:**

Mr. Kharfan incorporates by reference paragraphs ¶¶ 125 of this Complaint.

**ANSWER:**

Equifax incorporates by reference its responses in paragraphs ¶¶ 1-25 of this

Answer.

**COMPLAINT ¶95:**

Defendant TransUnion prepared and issued consumer credit reports concerning Mr. Kharfan which previously included inaccurate and derogatory reporting of the Fraudulent Account.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶96:**

In or around October of 2022, Mr. Kharfan checked his credit report and noticed that there were inaccurate reports from Defendant TransUnion. Therefore, in or around October of 2022, Mr. Kharfan disputed this inaccurate and derogatory information to TransUnion.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶97:**

In or around November 8 of 2022, the data furnisher verified that the Fraudulent Account was fraudulent and instructed TransUnion to delete the Fraudulent Account by no later than December 8, 2022. Despite TransUnion having been put on notice of the inaccurate and derogatory reporting, TransUnion did not remove the inaccurate and derogatory reporting of the Fraudulent Account from Mr. Kharfan's TransUnion credit report until some time in mid 2023.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶98:**

TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant TransUnion regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶99:**

TransUnion is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶100:**

Despite Defendant TransUnion having received Mr. Kharfan's dispute of the Fraudulent Account, Mr. Kharfan's FTC ID theft report, Mr. Kharfan's CFPB complaint, and the data furnisher's investigation results confirming the Fraudulent Account was fraudulent, TransUnion continued to inaccurately report the Fraudulent Account with an account balance and late payments.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶101:**

Continuing to report the status of the Fraudulent Account in this fashion was significant.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶102:**

By continuing to report the status of the Fraudulent Account in this fashion, lenders believed Mr. Kharfan had a recent, major delinquency negatively reflecting on Mr. Kharfan's creditworthiness by impacting his credit score negatively.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶103:**

Credit scoring algorithms take Mr. Kharfan's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

**<u>ANSWER:</u>**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**<u>COMPLAINT ¶104:</u>**

TransUnion failed to conduct a reasonable investigation and reinvestigation.

**<u>ANSWER:</u>**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**<u>COMPLAINT ¶105:</u>**

TransUnion failed to review and consider all relevant information submitted
by Mr. Kharfan.

**<u>ANSWER:</u>**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**<u>COMPLAINT ¶106:</u>**

TransUnion possessed evidence that the Fraudulent Account was inaccurate;
however, TransUnion failed to correct the information.

**<u>ANSWER:</u>**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**<u>COMPLAINT ¶107:</u>**

TransUnion's reporting of inaccurate information about the Fraudulent
Account, despite evidence that confirmed the Fraudulent Account was inaccurate

demonstrates TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit reports and file.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶108:**

TransUnion did not conduct any independent investigation after it received Mr. Kharfan's dispute and, instead, chose to ignore its statutory obligations despite being in possession of evidence that the Fraudulent Account was inaccurate.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶109:**

Mr. Kharfan has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Mr. Kharfan.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COMPLAINT ¶110:**

On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Mr. Kharfan.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶111:**

TransUnion failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit reports and credit files when investigating Mr. Kharfan's dispute of the information contained in Mr. Kharfan's TransUnion credit report.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶112:**

TransUnion's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Mr. Kharfan's credit reports and credit files.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶113:**

TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mr. Kharfan; [c] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [d] the continual placement of inaccurate information into the credit report of Mr. Kharfan after being advised by Mr. Kharfan and that data furnisher that the information was inaccurate; [e] the

failure to note in the credit report that Mr. Kharfan disputed the accuracy of the information; [f] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [g] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶114:**

The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶115:**

Mr. Kharfan is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶116:**

The appearance of the Fraudulent Account on Mr. Kharfan's credit report, namely, the Fraudulent Account identified by Mr. Kharfan in Mr. Kharfan's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure

to maintain reasonable procedures to assure the maximum possible accuracy of Mr. Kharfan's credit report in violation of the 15 U.S.C. § 1681e(b).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶117:**

As a result of the conduct, action, and inaction, of TransUnion, Mr. Kharfan suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶118:**

WHEREFORE, Mr. Kharfan, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Mr. Kharfan the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Mr. Kharfan which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against Defendant TransUnion)

**COMPLAINT ¶119:**

Mr. Kharfan incorporates by reference paragraphs ¶¶ 125 and 941228 above of this Complaint.

**ANSWER:**

Equifax incorporates by reference its responses in paragraphs ¶¶ 1-25 and 94-118 of this Answer.

**COMPLAINT ¶120:**

On at least one occasion within the past two years, by example only and without limitation, Transunion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the Fraudulent Account.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶121:**

On at least one occasion within the past two years, by example only and without limitation, Transunion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Mr. Kharfan with respect to the Fraudulent Account.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

## COMPLAINT ¶122:

On at least one occasion within the past two years, by example only and without limitation, Transunion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the Fraudulent Account.

## ANSWER:

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

## COMPLAINT ¶123:

Transunion has negligently failed to comply with the FCRA. The failures of Transunion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Mr. Kharfan; [c] the failure to promptly and adequately investigate information which Transunion had notice was inaccurate; [d] the continual placement of inaccurate information into the credit report of Mr. Kharfan after being advised by Mr. Kharfan and that data furnisher that the information was inaccurate; [e] the failure to note in the credit report that Mr. Kharfan disputed the accuracy of the information; [f] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete; and [g] the failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

## ANSWER:

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

## COMPLAINT ¶124:

The conduct, action, and inaction, of Transunion was negligent, thereby rendering Transunion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶125:**

Mr. Kharfan is entitled to recover reasonable costs and attorneys' fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶126:**

As a result of the conduct, action, and inaction of Transunion, Mr. Kharfan suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response is required.

**COMPLAINT ¶127:**

WHEREFORE, Mr. Kharfan, respectfully, requests this Court to enter a judgment against Defendant Transunion, awarding Mr. Kharfan the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**ANSWER:**

This cause of action does not pertain to Equifax, and, therefore, no response

is required.

**COUNT 7**
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE
PRACTICES ACT (FDUTPA) Fla. Stat, T 501.201 e" seq.**

**(Against Defendants Experian, Equifax, and TransUnion)**

**COMPLAINT ¶128:**

Mr. Kharfan incorporates by reference paragraphs ¶¶ 1127 above of this
Complaint.

**ANSWER:**

Equifax incorporates by reference its responses in paragraphs ¶¶ 1-127 of this

Answer.

**COMPLAINT ¶129:**

This is an action founded on the CRAs violation of the Florida Deceptive and
Unfair Trade Practices Act, §§ 501.201 et seq. ("FDUPTA").

**ANSWER:**

Equifax admits that Plaintiff purports to bring a civil action alleging violations

of the FDUPTA. Equifax denies that it violated the FDUPTA, denies that any action

or inaction of Equifax proximately caused Plaintiff injury, and denies that Plaintiff

is entitled to any of the relief sought in the Complaint.

**COMPLAINT ¶130:**

The conduct alleged in this Complaint against the CRAs constitute unconscionable acts or practices, or unfair or deceptive acts and/or unfair practices in the conduct of any trade or commerce.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶131:**

The CRAs have committed unlawful acts and practices, defined in Fla. Stat. § 501.204 as "(1) unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" that extend beyond their obligations under the FCRA, by (i) knowingly, intentionally, and continuously misrepresenting the Fraudulent Account as Mr. Kharfan's debt although it possessed evidence and actual notice that the underlying account was, in fact, fraudulent as confirmed by Barclays and; (ii) deceptively portraying their credit reporting systems as reliable and compliant with industry standards while failing to take the necessary corrective action after being notified by Barclays that the disputed account was fraudulent and notified via telephone various times by Mr. Kharfan and his assistant of the same; and (iii) creating an environment in which Plaintiff was forced to accept unfavorable lending terms due to reliance on materially false statements by its representatives, an unfair trade practice that harmed Mr. Kharfan beyond a mere credit report inaccuracy.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶132:**

The CRAs have advertised, promoted, and represented their credit reporting services and dispute resolution processes as accurate, timely, and compliant with industry standards. These representations were made through publicly available statements on their websites, direct correspondence with Plaintiff, and automated status updates in their consumer dispute portals.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶133:**

On or about November 2022 and thereafter, each Defendant confirmed receipt of Plaintiff's dispute and represented, either through customer service representatives or online status messages, that the account was under review and that appropriate action would be taken. These representations were repeated via online consumer dashboards, email responses, and telephonic confirmations from representatives, including calls between Plaintiff and CRA agents in November and December 2022.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶134:**

In reliance on these statements, and on the November 8, 2022 letter from Barclays confirming the account was fraudulent and should be deleted, Plaintiff reasonably believed the tradeline would be removed. At no point did Defendants notify Plaintiff that they were rejecting the dispute, failing to act on the Barclays notice, or continuing to report the tradeline in defiance of the verified fraud documentation.

**ANSWER:**

Equifax admits that it did not notify Plaintiff that it was rejecting a dispute, because it has located no record of receiving a dispute from Plaintiff or someone acting on Plaintiff's behalf. Equifax denies the remaining allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶135:**

These representations and omissions created a materially misleading impression that the credit reporting and reinvestigation systems used by the CRAs were effective, fair, and in compliance with law, when in fact the CRAs failed to act on validated proof of identity theft and continued to report false information.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶136:**

As a result of these misrepresentations and omissions, Plaintiff suffered actual damages, including increased interest rates, a higher mortgage loan cost, lost time, emotional distress, and reduced refinancing opportunities. The unfair or deceptive practices occurred independently of the FCRA and would mislead a reasonable consumer.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶137:**

Defendants' actions were not isolated instances of negligence but part of a broader pattern of representing compliance and reliability while failing to take action even after receiving indisputable verification of fraud.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶138:**

Mr. Kharfan suffered actual damages as a result of the conduct of the CRAs as alleged in further detail above.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶139:**

It has been necessary for Mr. Kharfan to retain the undersigned to represent him in this action.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶140:**

Mr. Kharfan will incur costs and other related expenses to bring this action and is entitled to recover his attorney's fees and costs pursuant to §501.2105 (Fla. Stat.).

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

**COMPLAINT ¶141:**

WHEREFORE, Mr. Kharfan, respectfully, requests this Court to enter a judgment against Defendants Equifax, Experian, and TransUnion, awarding Mr. Kharfan the following relief: [1] actual damages suffered by Plaintiff as a result of Defendants' unfair and deceptive trade practices, pursuant to Fla. Stat. § 501.211(2);); [2] attorney's fees and costs pursuant to Fla. Stat. § 501.2105; and [3] any other relief that this Court deems appropriate under the circumstances.

**ANSWER:**

Equifax denies the allegations in this paragraph as they pertain to Equifax.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff,

Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the

claims brought by Plaintiff against it.   Equifax is neither incorporated nor

headquartered in Florida, and the conduct giving rise to Plaintiff's claim occurred

outside of Florida.

## SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Equifax because the Court lacks personal jurisdiction over Equifax.

## THIRD DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff's purported causes of action are barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations and/or statute of repose.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not make a direct dispute with Equifax concerning the information alleged in the Complaint.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)  it recover such other and additional relief as the Court deems just

and appropriate.

DATED:  May 27, 2025                    Respectfully submitted,

                                        SEYFARTH SHAW LLP


                                        By: */s/ Paige Vacante*
                                            Paige Vacante, Bar No. 1019135
                                            pvacante@seyfarth.com
                                            SEYFARTH SHAW LLP
                                            233 South Wacker Drive
                                            Suite 8000
                                            Chicago, Illinois  60606-6448
                                            Telephone:  (312) 460-5000
                                            Facsimile:  (312) 460-7000

                                        *Counsel for Defendant*
                                        *Equifax Information Services LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 27, 2025, I presented the foregoing EQUIFAX

INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using

the CM/ECF system, which will send notification of such filing to all counsel of

record.


*/s/ Paige Vacante*
Paige Vacante
*Counsel for Defendant*
*Equifax Information Services LLC*